UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANGELO CHANDLER,

    Petitioner,

v.      Case No. 2:12-cv-411
    HON. ROBERT HOLMES BELL

DUNCAN MACLAREN,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Angelo Chandler, filed this petition for writ of habeas corpus challenging his jury conviction for possession with intent to deliver 50 grams or more but less than 450 grams of cocaine in violation of Mich. Comp. Laws §333.7401(2)(a)(iii), felon in possession of a firearm in violation of Mich. Comp. Laws § 750.227b, and felony firearm in violation of Mich. Comp. Laws § 750.227b. Petitioner was sentenced to terms of imprisonment of 13 to 30 years for possession with intent to deliver cocaine, 1 to 7 years for felon in possession of a firearm, and a consecutive term of 2 years for his felony firearm conviction. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

Petitioner alleges that:

I. The state trial court deprived Petitioner of due process of law under the Fourteenth Amendment to the United States Constitution and to a fair trial when it (A) allowed the prosecutor to introduce prior bad acts evidence, (B) evidence of his financial status, and (C) evidence that he fled on the first day of the original trial.

II. The state trial court deprived Petitioner of Due Process of Law under the Fourteenth Amendment to the United States Constitution

and to a fair trial when it allowed the prosecutor to introduce so-called drug profile evidence.

III. The trial court deprived Petitioner of his constitutional rights to due process of law under the Fourteenth Amendment to the United States Constitution and to a fair trial when it failed to instruct the jury properly on its use of drug profile evidence and when it gave the flight instruction. Alternatively, defense counsel was ineffective and deprived petitioner of his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution.

IV. Petitioner was deprived of his Fourth Amendment right to be free from illegal seizure when a warrant was issued and preliminary examination conducted before a formal complaint had been filed.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the

Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption

of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that the trial court erred by admitting bad acts evidence, evidence of his financial status, and evidence of his flight the first day of trial. The Michigan Court of Appeals rejected these claims explaining:

> In the present case, the trial court admitted the evidence of past drug dealing to prove both that defendant intended to sell the drugs found and that he knew that the drugs were present in the apartment. Thus, the evidence was admitted for purposes proper under the plain language of MRE 404(b). Moreover, because defendant pleaded not guilty to the crime of possession with intent to deliver, the prosecution was permitted to introduce other acts evidence pursuant to MRE 404(b) to prove any element of the charged crime. See *People v. Crawford*, 458 Mich. 376, 389; 582 NW2d 785 (1998). Further, Frees' testimony was highly probative of defendant's intent to deliver the drugs. There is no doubt that Frees' testimony was highly prejudicial to defendant in that it described the terrible consequences of her drug addition and, like so much prior bad acts testimony, at least raised the specter of propensity evidence. However, MRE 403 requires exclusion only where the probative value is "substantially outweighed" by the danger of unfair prejudice. After review of the record, we are not convinced that the probative value of this evidence was substantially outweighed by its prejudicial impact in this case. Finally, our review of the record reveals that the trial court gave a proper limiting instruction to the jury. *VanderVliet*, supra at 74-75. Because the evidence was admitted for a proper purpose, relevant, and its probative value was not substantially outweighed by its prejudicial impact and because the trial court issued a cautionary instruction, we reject defendant's claim that the admission of Free's testimony was reversible error.
>
> Next, defendant argues that the trial court impermissibly admitted evidence of defendant's financial status to establish a motive for the crime. We disagree. Although "[e]vidence of poverty, dependence on welfare or unemployment is not admissible to show motive or as evidence of a witness's credibility," *People v. Conte,* 152 Mich. App. 8, 14; 391 NW2d 763 (1986), "[o]ther evidence of financial condition may, however, be admissible in the circumstance of a particular case," *People v. Henderson*, 408 Mich. 56, 66; 289 NW2d 376 (1980). The record clearly demonstrates that evidence of defendant's

- 4 -

> unemployment and financial status was relevant because it allowed the inference that defendant's otherwise unexplained income was generated by cocaine sales. As noted by the trial court, "possession of money and lack of a job would have some relevance." Thus, the evidence was properly used to prove intent to sell drugs and to reinforce the prosecution's theory that defendant was engaged in drug trafficking; not to show motive. Further, even though the evidence was prejudicial, it was also highly probative and this probative value outweighed any prejudicial effect. Accordingly, the trial court did not abuse its discretion when it admitted this evidence.
>
> Defendant also argues that the trial court abused its discretion when it admitted evidence that defendant failed to return to the courtroom following a break on the first day of his original trial. We disagree. "It is well established that evidence of flight is admissible to show consciousness of guilt." *People v. Compeau*, 244 Mich App 595, 598: 625 NW2d 120 (2001). The record established that on the first day of his original trial defendant fled from the court proceedings after learning that a lay witness prepared to testify against him. Such evidence is probative on the issue of guilt and, therefore, the trial court did not abuse its discretion when it admitted this evidence. *Id*. Further, the trial court did not abuse its discretion when it gave a flight instruction to the jury because there was evidence to support such an instruction. *People v. Johnson*, 171 Mich App 801, 804; 430 NW2d 828 (1988).

Michigan Court of Appeals decision at docket #33 pp 2-3.

Petitioner contends that the trial court abused its discretion when it admitted evidence where the probative value was outweighed by the prejudicial effect contrary to Michigan state law. However, "such an inquiry . . . is no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). In *Estelle v. McGuire*, the Supreme Court addressed the issue of whether the admission of evidence in violation of California state law entitled a petitioner to habeas corpus relief.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984). Today, we reemphasize that it is not the province of a federal

> habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-8.

The appropriate inquiry is whether the allegedly improper admission of evidence violated the petitioner's constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. A federal court will grant habeas corpus relief only where a violation of the state's evidentiary rule results in the denial of fundamental fairness, and therefore, a violation of due process. *Brown, III v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999) (citing *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988)).

> "The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical highly significant factor.'" *Leverett v. Spears*, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir. 1989)).

*Brown, III v. O'Dea*, 187 F.3d at 578. In the opinion of the undersigned, petitioner has failed to show that his constitutional rights were violated by the trial court's evidentiary rulings. Moreover, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Similarly, petitioner argues that drug profile evidence was improperly admitted against him. The Michigan Court of Appeals rejected this issue under a plain error standard:

> Defendant next contends that he must be granted a new trial because drug profile evidence was improperly used as substantive evidence of guilt. We disagree. We review defendant's unpreserved claim for plain error. People v. *Carines*, 460 Mich. 750, 764; 597 NW2d 130

> (1999). For expert testimony concerning criminal activity to be admissible, " '(1) the expert must be qualified; (2) the evidence must serve to give the trier of fact a better understanding of the evidence or assist in determining a fact in issue; and (3) the evidence must be from a recognized discipline.'" *People v. Murray*, 234 Mich.App 46, 53-54; 593 NW2d 690 (1999), quoting *People v. Williams* (After Remand), 198 Mich.App 537, 541; 499 NW2d 404 (1993).
>
> The record indicates the expert testimony was permissibly introduced as an educational tool to help the jury understand drug transactions and that the evidence was only used for this purpose. Id. at 52-53. The expert testified about the drug trade, but did not give a "dealer profile." Additionally, the expert made no mention of defendant. He neither compared what he knew with the circumstances of the case, nor offered any opinion about defendant's guilt. Accordingly, the record does not support a finding that the evidence was used to prove defendant's guilt. We note that, although the trial court failed to give a proper limiting instruction regarding the proper use of the expert evidence, reversal is not necessary because defendant does not explain how the trial court's failure to properly instruct the jury was outcome determinative, and such a conclusion is not supported by the record, particularly given that the prosecutor never argued that defendant's guilt could be inferred from the expert evidence alone.

Michigan Court of Appeals decision at docket #33 pp 2-3. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988). Therefore, it appears that this portion of Petitioner's argument can be dismissed on the merits.

Further, Petitioner procedurally defaulted this issue by failing to make an objection to the evidence at trial. After expressly noting Petitioner's default in failing to object, the Michigan Court of Appeals then reviewed Petitioner's claim for plain error, finding none. In this circuit, "plain error review does not constitute a waiver of state procedural default rules." *Seymour v. Walker*, 224 F.3d 542 (6th Cir. 2000) (citations omitted); *Scott v. Mitchell*, 209 F.3d 854, 866-68 (6th Cir. 2000); *see also Coe v. Bell*, 161 F.3d 320, 330 (6th Cir. 1998) (state court's alternative holding on the

merits does not require federal court to disregard the procedural bar); *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991) (same); *Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989) (claim is defaulted even where the state court may excuse the default for "manifest injustice"); *Federico v. Yukins*, No. 93-2424, 1994 WL 601408, at *3-*4 (6th Cir. Nov. 2, 1994) (same, for "miscarriage of justice").

When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court enforced the rule so as to bar the claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001). In determining whether a state procedural rule was applied to bar a claim, a reviewing court looks to the last reasoned state-court decision disposing of the claim. *See Ylst*, 501 U.S. at 803; *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52. The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts

a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). In the opinion of the undersigned, Petitioner cannot overcome his procedural default of this issue.

Petitioner argues that the trial court erred in instructing the jury on the use of narcotics trafficking evidence and in instructing the jury regarding petitioner's flight from his first trial. The Michigan Court of Appeals denied both claims finding that the evidence supported the flight instruction and any error that occurred as a result of failing to give a limiting instruction on the proper use of expert evidence was not outcome determinative.

Typically, a claim that a trial court gave an improper jury instruction is not cognizable on habeas review. Instead, Petitioner must show that the erroneous instruction "so infected the entire trial that the resulting conviction violates due process." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).

> The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," . . . not merely whether "the instruction is undesirable, erroneous, or even 'universally condemned,'" . . . .

431 U.S. at 154. *See also Estelle v. McGuire*, 502 U.S. 62, 75 (1991) (erroneous jury instructions may not serve as the basis for habeas relief unless they have "so infused the trial with unfairness as to deny due process of law"); *Rashad v. Lafler*, No. 09-2371, slip op. at 7 (6th Cir. Apr. 5, 2012) (same); *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000). If Petitioner fails to meet this

burden, he fails to show that the jury instructions were contrary to federal law. *Id.* In the opinion of the undersigned, the evidence presented at trial, taken in the light most favorable to the prosecution, was sufficient to justify the instructions given by the court. Petitioner cannot show that the instructions violated his due process rights. Further, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Moreover, Petitioner's claim lacks merit to the extent that petitioner asserts that he received ineffective assistance of counsel due to counsel's failure to object to the court's instructions. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that

counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691. In the opinion of the undersigned, petitioner has not established that his counsel was ineffective. Moreover, Petitioner has failed to show that the Michigan court's rejection of this claim was unreasonable.

Petitioner claims that his Fourth Amendment rights were violated because of an illegal search and seizure since the complaint was not filed until after his preliminary examination was conducted. Petitioner's claim is not actionable in this court. In the opinion of the undersigned, petitioner's claim is subject to dismissal under the rule announced in *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the Supreme Court concluded that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482.

In *Riley v. Gray*, 674 F.2d 522 (6th Cir.), *cert. denied*, 459 U.S. 948 (1982), the Sixth Circuit interpreted *Stone* as requiring the district court to make two distinct inquiries in habeas proceedings:

> Initially, the district court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980). Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism. *See Boyd v. Mintz*, 631 F.2d 247, 250 (3rd Cir. 1980); *Gates v. Henderson*, 568 F.2d 830, 840 (2nd Cir. 1977) (*en banc*), *cert. denied*, 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978).

*Id.* at 526 (footnote omitted). The record reveals no reason why petitioner would have been prevented from raising his Fourth Amendment claims in the state courts. Indeed, Petitioner actually raised these issues in the state courts, where they were rejected. Accordingly, in the opinion of the

undersigned, petitioner is precluded from raising this claim under the rule announced in *Stone v. Powell*.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated: August 27, 2015                                /s/ TIMOTHY P. GREELEY
                                                     TIMOTHY P. GREELEY
                                                     UNITED STATES MAGISTRATE JUDGE